UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SYED SAADET ALI FARA SHAH**<br>REG. # 90280-022 | : | **DOCKET NO. 17-cv-1488**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE DRELL** |
| **CALVIN JOHNSON ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Syed Saadet Ali Fara Shah. Shah is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

### I.
#### BACKGROUND

Shah pleaded guilty to one count of conspiracy to distribute heroin and hashish, a violation of 21 U.S.C. §§ 841(a) and 846, and one count of providing material support to terrorists, a violation of 18 U.S.C. § 2339B, in the United States District Court for the Southern District of California. *United States v. Shah*, No. 3:02-cr-2912, doc. 110 (S.D. Cal. Sep. 25, 2006). On September 25, 2006, he was sentenced to concurrent terms of imprisonment of 225 months and 180 months, respectively. *Id.* at doc. 153. The United States Court of Appeals for the Ninth Circuit affirmed Shah's conviction and sentence. *Id.* at doc. 180. On January 4, 2010, Shah filed a pro se motion to vacate in the district court under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. *Id.* at doc. 184. That motion was dismissed by the district court as untimely, but the Ninth

Circuit remanded the case with instructions that Shah be given an opportunity to demonstrate that his motion was timely filed. *Id.* at docs. 185, 195. The district court received briefing on the timeliness of the § 2255 motion and ultimately ordered a response from the government. *See id.* at doc. 210. Shah also filed a motion to dismiss the indictment and a motion to withdraw his guilty plea. *See id.* at docs. 212, 214. The district court then denied all of Shah's post-conviction motions, finding no merit to his ineffective assistance claims or any of his other claims for relief. *Id.* at doc. 237. The Ninth Circuit affirmed the district court's decision. *Id.* at doc. 247.

Shah now seeks relief in this court through a habeas petition filed under 28 U.S.C. § 2241. Doc. 1. He maintains that he is entitled to relief because 1) he was not afforded any representation in his § 2255 proceedings, 2) his current place of confinement, FCIO, lacks an Institution Hearing Program,[1] and 3) FCIO contains "[d]eplorable living conditions" and inmates are denied forms for administrative remedies. Doc. 1. In relief, he asks that the court reopen his § 2255 proceeding and appoint counsel for him, and instruct the appropriate immigration authorities to make a determination as to his immigration status so that he does not "languish in immigration detention" after completing his sentence. *Id.* at 8.

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears

---

[1] The Institution Hearing Program "is a coordinated effort" by various federal agencies "to provide deportation, exclusion, or removal proceedings to sentenced aliens." BOP Program Statement § 5111.04 (2006), *available at* https://www.bop.gov/policy/progstat/5111_004.pdf (last visited February 23, 2018).

from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application

#### 1. *Section 2255 challenge*

Through his first claim, Shah seeks to have his § 2255 proceeding reopened so that he might challenge his conviction and sentence. *Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Shah's claim is a collateral attack on the legality of his conviction and sentence, cloaked in his challenge to the assistance he was afforded in his post-conviction proceedings, and should thus be advanced in another § 2255 motion.

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner

is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.*

Instead, Shah must demonstrate the following to satisfy the savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001). Shah provides no such authority. Unless he can provide cases to satisfy the savings clause, he should dismiss this claim. He may instead seek relief, if he wishes, through another § 2255 motion in the Southern District of California.

### 2. *Conditions of confinement*

As noted above, an application for writ of *habeas corpus* is the appropriate means for a prisoner to challenge the fact or duration of confinement. *See Preiser v. Rodriguez*, 93 S.Ct. 1827, 1841 (1973). On the other hand, a civil rights suit "is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). In other words, the proper vehicle is a civil rights suit rather than a habeas petition if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Shah's claim about the living conditions at FCIO and the availability of administrative remedies relating to those conditions clearly relates to the conditions of his confinement. Accordingly, this claim should be dismissed. Shah may instead pursue it in a separately-filed civil rights suit, for which he must pay the applicable filing fee.

### *3. Institution Hearing Program*

Finally, Shah complains about the lack of an Institution Hearing Program at FCIO and the potential impact on his waiting time for having immigration status resolved at the conclusion of his sentence. As the Fifth Circuit has noted, the distinction between habeas claims and civil rights claims becomes "blurry" when an inmate challenges a condition of confinement that could affect the timing of his release from custody. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997). Thus, it has adopted a bright-line rule, as shown above: if a favorable determination of the inmate's claims would not automatically entitle him to accelerated release, the proper vehicle is a civil rights action. *Id.*; *Orellana*, 65 F.3d at 31.

Here it does not appear that Shah's requested relief would automatically entitle him to accelerated release. Even if an immediate determination was made as to Shah's immigration status, he does not show how that determination would shorten his sentence. Likewise, in the absence of any directive from this court, he does not show that his time in custody would in fact be extended. *See, e.g.*, *Gonzales v. Holder*, 2014 WL 6680542 (S.D. Miss. Nov. 25, 2014) (claim improperly brought under § 2241 where petitioner complained about his incarceration at a facility without programs that could reduce his time in custody). Accordingly, this claim is also properly asserted in a civil rights action and this court has no jurisdiction to consider it under § 2241.

### *4. Improper party*

Finally, Shah has brought this action against both the United States and Warden Calvin Johnson. The proper respondent in a habeas petition is the warden of the facility where the inmate is currently being detained. *Rumsfeld v. Padilla*, 124 S.Ct. 2711 (2004). Accordingly, Shah should dismiss all claims against the United States.

# III.
## CONCLUSION

In order for this court to determine whether the petition should survive our initial review, Shah must amend his complaint within the next **30 days** and address the deficiencies described above. He should dismiss his conditions of confinement and Institution Hearing Program claims, and all claims against the United States, for the reasons stated above. Otherwise, a report and recommendation will issue from this court dismissing those claims.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Shah at his last address on file.

**IT IS ORDERED** that Shah amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above.

Failure to comply with this order may result in dismissal of the claims above under Rule 4 of the Rules Governing § 2254 Cases, or under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Shah is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 26th day of February, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE