UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SYED SAADET ALI FARA SHAH** : | | **DOCKET NO. 17-cv-1488** |
| **B.O.P. # 90280-022** | | **SECTION P** |
| **VERSUS** : | | **JUDGE DRELL** |
| **CALVIN JOHNSON, ET AL.** : | | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a pro se petition for writ of habeas corpus filed by Syed Saadet Ali Fara Shah. Shah is an inmate in the custody of the Bureau of Prisons and is incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

Shah filed his petition in this court on or about November 9, 2017. Doc. 1. His complaint was stricken for failure to pay the filing fee on February 5, 2018, but then reopened on February 22, 2018, upon Shah's motion for reconsideration. Docs. 11, 12, 13. By order dated February 26, 2018, the court then directed Shah to amend his petition within thirty days and address multiple deficiencies therein. Since that time, the court has received no response to the order or other communication from Shah.

A district court may dismiss an action based on the plaintiff's failure to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 82 S.Ct. 1386, 1388–89 (1962). "The

power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." Id. at 1388.

Here Shah failed to respond to the court's amend order, and his time for complying has elapsed. Accordingly, **IT IS RECOMMENDED** that Shah's petition be **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 11th day of April, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE